**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9        SAN JOSE DIVISION

10    JACK IN THE BOX INC.,                          CASE NO. 5:13-cv-04444 EJD

11                                                   **ORDER GRANTING REQUEST FOR**
                     Plaintiff(s),                   **RULING; DENYING MOTION TO**
12        v.                                         **INTERVENE; DENYING MOTION TO**
                                                     **AMEND OR ENFORCE TURNOVER**
13    DEEPAK MEHTA, et. al.,                         **ORDER**

14                                                   [Docket Item No(s). 50, 52, 92]
                     Defendant(s).
15    _____/

16         Plaintiff Jack in the Box Inc. ("JIB") filed a Complaint on September 25, 2013, asserting

17    causes of action for breach of contract, claim and delivery, violations of the Lanham Act, and

18    violation of California's Unfair Competition Law against Defendants Deepak Mehta, Kiran Mehta,

19    Mehta Enterprises, Inc. and Deepak Enterprises, Inc. (collectively, "Defendants"). See Docket Item

20    No. 1.  In that Complaint, JIB alleges that Defendants, who are former operators of certain Jack in

21    the Box restaurants in Northern California,[1] breached written franchise and lease agreements by

22    failing to make timely payments.

23         Presently before the court are two motions and one request filed by third-party McClane

24    Foodservice, Inc. ("McLane").  See Docket Item No. 50.  For the reasons explained below,

25    McLane's request for ruling will be granted, but its motion to intervene and motion to amend or

26

27         [1] In total, Defendants operated 19 Jack in the Box restaurants in American Canyon, Antioch,
      Concord, Fairfield, Hercules, Oakland, Oakley, Pinole, San Pablo, Suisun City, and Vallejo.
28
                                                   1
      CASE NO. 5:13-cv-04444 EJD
      ORDER GRANTING REQUEST FOR RULING; DENYING MOTION TO INTERVENE; DENYING MOTION TO
      AMEND OR ENFORCE TURNOVER ORDER

1   enforce a court order will be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

According to its motion, McLane is a "multibillion-dollar supply chain services leader providing foodservice supply chain solutions for chain restaurants throughout the United States." In 2010 and 2011, McLane entered into two agreements to provide food and other supplies to Defendant's Jack in the Box restaurants, for which Defendants agreed to pay McLane.

McLane delivered food and supplies pursuant to its agreements with Defendants through on or about October 10, 2013. However, unbeknownst to McLane and before it was paid for all of its deliveries, JIB terminated its franchise agreements with Defendants, initiated the instant lawsuit, and took over operations of the restaurants pursuant to a court order entered in lieu of a receivership.[2] Since McLane did not have an agreement for payment from JIB and since Defendants were no longer operating the restaurants, it was left with outstanding invoices totaling $508,296.51 for one agreement and $36,301.41 for the other.

Pursuant to the Turnover Order, JIB voluntarily paid McLane $127,000.00 for the inventory in the restaurants as of its takeover on October 12, 2013. Accordingly, the total principal amount due and owing to McLane is $409,895.13, plus interest and late charges. McLane now seeks to intervene in this action to recover the remaining amount from JIB.

## II.   LEGAL STANDARD

A third party may intervene in a case either as a matter of right under Federal Rule of Civil Procedure 24(a) or with the court's permission pursuant to Federal Rule of Civil Procedure 24(b). To establish the right to intervene under Rule 24(a)(2), a third party applicant must establish four

---

[2] Known as the "Turnover Order," the order filed October 11, 2013, required Defendants to turn over possession and control of their Jack in the Box restaurants to JIB and authorized JIB to operate the restaurants, collect all revenue, and "pay bills that are reasonable and necessary for the operation or the protection" of the restaurants. See Docket Item No. 34. Moreover, the Turnover Order authorized JIB to pay, "at its discretion, any remaining amounts to reduce the amount due, owing and unpaid by the Defendants to JIB." Id. McLane's request for judicial notice of the Turnover Order and other pleadings filed in this action (Docket Item No. 50) is GRANTED. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").

2

CASE NO. 5:13-cv-04444 EJD
ORDER GRANTING REQUEST FOR RULING; DENYING MOTION TO INTERVENE; DENYING MOTION TO AMEND OR ENFORCE TURNOVER ORDER

United States District Court
For the Northern District of California

elements:

    (1)    its motion must be timely;

    (2)    the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

    (3)    the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

    (4)    the applicant's interest must be inadequately represented by the parties to the action.

Sierra Club v. U.S. Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir. 1993).

"While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

As to Rule 24(b), the court may permit a party to intervene in its discretion provided three threshold conditions are satisfied: (1) there is an independent ground for jurisdiction; (2) there has been a timely motion made; and (3) there is a common question of law and fact between the applicant's claim or defense and the main action. Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). If permissive intervention is granted, the court may impose any appropriate condition on the intervenor's involvement. See Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co., 974 F.2d 450, 469 (4th Cir. 1992) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition, including the limitation of discovery.").

### III.   DISCUSSION

McLane moves to intervene both as of right and permissively. But while McLane has established some of the necessary elements, the court finds that its intervention is ultimately inappropriate under the circumstances.

Starting with intervention of right, there is little doubt that McLane's application meets the timeliness requirement. "In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

3

CASE NO. 5:13-cv-04444 EJD
ORDER GRANTING REQUEST FOR RULING; DENYING MOTION TO INTERVENE; DENYING MOTION TO AMEND OR ENFORCE TURNOVER ORDER

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   reason for and length of the delay." County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.

2   1986).  Looking at these factors in order, this action's procedural stage does not preclude

3   intervention.  Indeed, little has occurred subsequent to entry of the Turnover Order; dispositive

4   motions remain pending and the parties have yet to reach a full settlement despite the court's efforts

5   to encourage such a result.  As to prejudice, McLane's addition at this early stage would not cause

6   meaningful disadvantage to any party.  Furthermore, any delay in bringing this motion is explained

7   by the time McLane took to determine whether JIB would voluntarily pay the outstanding balance

8   short of litigation.  That is a reasonable explanation.

9       It is also true that McLane's interest is not presently represented by the current named parties

10  to this action.  "The burden of showing inadequacy of representation is 'minimal' and satisfied if the

11  applicant can demonstrate that representation of its interests 'may be' inadequate.  Citizens for

12  Balanced Use, 647 F.3d at 898 (citing Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)).

13  Three factors are routinely examined: "(1) whether the interest of a present party is such that it will

14  undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable

15  and willing to make such arguments; and (3) whether a proposed intervenor would offer any

16  necessary elements to the proceeding that other parties would neglect."  Arakaki, 324 F.3d at 1086.

17  Here, McLane's interest as one of Defendants' creditors is not a common one and it is unlikely that

18  any other party will make arguments on McLane's behalf.  As such, McLane has satisfied the

19  minimal showing required for this element.

20      In contrast, McLane has not met its burden to show the remaining two factors for

21  intervention under Rule 24(a), which are arguably the most compelling.  As to the "significantly

22  protectable" interest requirement, "[w]hether an applicant for intervention as of right demonstrates

23  sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable

24  interest need be established.'"  Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir.

25  1996) (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)).  A prospective

26  intervenor must establish two criteria: "that (1) 'the interest [asserted] is protectable under some

27  law,' and (2) there is a 'relationship between the legally protected interest and the claims at issue.'"

28

4

1   Id. (quoting Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1493 (9th

2   Cir. 1995)).

3       Here, the court assumes that McLane's agreements with Defendants are viable and that its

4   interest is protectable by the law which applies to enforcement of contracts.  But those same

5   contracts render the relationship between McLane's interest and this action too attenuated to justify

6   intervention.  McLane's contracts - or any of Defendants' agreements with other unsecured creditors

7   -  are not implicated by this lawsuit.  Indeed, the asserted claims relate only to Defendants' former

8   relationship with JIB.  That relationship involved distinct agreements and issues unique to the

9   parties' franchising arrangement.  McLane's interest in collecting on a debt simply related to the

10  operation of the restaurants is not raised by JIB's claims and does not justify intervention as of right.

11  See United States v. Alisal Water Corp., 370 F.3d 915, 920 (9th Cir. 2004) (citing Hawaii-Pacific

12  Venture Capital Corp. v. H.B. Rothbard, 564 F.2d 1343, 1346 (9th Cir. 1977)).[3]

13      In addition, the disposition of this action would not impair McLane's ability to protect its

14  interest.  It has already done so through litigation in state court, the result of which was a writ of

15  attachment for two of Defendants' real properties.  See Decl. of Robert S. McWhorter, Docket Item

16  No. 59, at Exs. A, B.[4]  Since it is Defendants, and not JIB, who are contractually responsible for the

17  amounts owed to McLane, separate litigation against Defendants was the more appropriate way to

18  obtain recovery.

19      Because the court finds McLane did not demonstrate a significantly protectable interest and

20  will not be impaired by a disposition in this case, its request to intervene as of right under Rule 24(a)

21  will be denied.  Additionally, the determination that McLane's interest is distinct from all claims

22

23          [3] The court does not agree that the Turnover Order transforms McLane's contractual interest
24  into one that is "significantly protectable," to the extent McLane raises such an argument.  As noted,
    the Turnover Order vests JIB with discretion to pay Defendants' creditors; it does not require
25  payments or do anything to protect the interests of creditors.  Moreover, inclusion of that provision
    in the Turnover Over does not mean that claims of unsecured creditors are somehow at issue in this
26  case.

27          [4] JIB's request for judicial notice (Docket Item No. 58) is GRANTED.  See Reyn's Pasta
    Bella, LLC, 442 F.3d at 746 n.6.
28

5

CASE NO. 5:13-cv-04444 EJD
ORDER GRANTING REQUEST FOR RULING; DENYING MOTION TO INTERVENE; DENYING MOTION TO
AMEND OR ENFORCE TURNOVER ORDER

United States District Court
For the Northern District of California

1  raised in this action means it has not established the common question of law or fact necessary for

2  permissive intervention.  Thus, its request under Rule 24(b) will be denied as well.

3  **IV.    ORDER**

4      Based on the foregoing, McLane's Request for Ruling (Docket Item No. 92) is GRANTED.

5  The Motion to Intervene (Docket Item No. 50) is DENIED.  Since this result precludes McLane's

6  further participation in the litigation, its Motion to Amend or Enforce the Turnover Order (Docket

7  Item No. 52) is also DENIED.

8  **IT IS SO ORDERED.**

9

10  Dated:  April 9, 2014

EDWARD J. DAVILA
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

CASE NO. 5:13-cv-04444 EJD
ORDER GRANTING REQUEST FOR RULING; DENYING MOTION TO INTERVENE; DENYING MOTION TO
AMEND OR ENFORCE TURNOVER ORDER